### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### LONDON

**CRIMINAL ACTION NO. 6:19-CR-59-CHB-HAI**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**                                         **PLEA AGREEMENT**

**ANDREW JOHN DICK**                                                                           **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment which charges a violation of 18 U.S.C. § 2252(a)(4)(B), Possession of Child Pornography. The Defendant agrees that the victims of his offense are entitled to restitution under 18 U.S.C. § 2259.

2. The essential elements of the Indictment are:

   (a)   The Defendant knowingly possessed one or more devices containing a visual depiction;

   (b)   The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

   (c)   The visual depiction was of a prepubescent minor or a minor who had not attained 12 years of age engaging in sexually explicit conduct;

   (d)   The Defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and

   (e)   The visual depiction was shipped in and transported using any means or facility of interstate commerce.

3. As to the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On March 28, 2019, in Laurel County, the Defendant possessed an image of a nude female toddler with her legs in the air and vagina exposed on his Seagate internal HDD drive. The Defendant also possessed an image of a nude toddler being penetrated from behind on his Western Digital My Book computer. The Defendant possessed another image of a nude female toddler being vaginally penetrated by an adult male penis in a folder entitled "porn" on the Defendant's Western Digital My Book computer.

    (b) The "toddlers" referenced above were all prepubescent at the time the images were created and under 12 years of age. In a post-Miranda statement, the Defendant acknowledged that he downloaded child pornography images from particular websites via the internet. The Defendant also acknowledged that some of the minors in his pornography collection appeared to be six (6) years old. The Defendant also admitted to possessing child pornography images on multiple electronic devices.

    (c) On February 13, 2013, the Defendant was sentenced to 36 months imprisonment by a General Court-Martial for violations of Article 134 of the Uniform Code of Military Justice: Wrongful Possession of Child Pornography and Wrongful Receipt of Child Pornography. Both offenses are prior qualifying child exploitation offenses under 18 U.S.C. §2252(b)(2).

4. The statutory punishment is imprisonment for not less than 10 years and not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years. Pursuant to 18 U.S.C. §2252(b)(2), the Defendant is subject to the above statutory punishment based upon the Defendant's prior qualifying child exploitation conviction. A mandatory special assessment of $100 applies and an additional special assessment of up to $17,000 applies pursuant to 18 U.S.C. § 2259A(a)(1), and the

Defendant will pay these assessments to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

>	(a) The latest version of the United States Sentencing Guidelines (U.S.S.G.) Manual that is in effect at the time of sentencing shall be used to determine the Defendant's guideline range.

>	(b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant

3

to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture allegation of the Indictment.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading

guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 2259A(a), whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available

to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 7/15/20     By: _____
                      Jenna E. Reed (signed Jason Parman for Jenna Reed)
                      Assistant United States Attorney

Date: 07-15-2020      _____
                      Andrew John Dick
                      Defendant

Date: 7/15/20         _____
                      James D. Hodge
                      Attorney for Defendant

7